# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Eric Cannon,

        **Plaintiff,**

v.                                            **Case No. 18-2364-JWL**

SFM, LLC
d/b/a Sprouts Farmers Market,

        **Defendant.**

## MEMORANDUM & ORDER

Plaintiff filed this lawsuit against his former employer alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In September 2018, the court granted plaintiff's motion for entry of default and, thereafter, the Clerk of the Court entered default against defendant on the claims set forth in the complaint. The following day, defendant filed a motion to set aside the entry of default (doc. 8) pursuant to Federal Rule of Civil Procedure 55(c). Plaintiff opposes the motion. As will be explained, the motion is granted.

*Background*

Plaintiff filed this lawsuit on July 11, 2018 and issued a waiver of service form on July 19, 2018. On August 8, 2018, defendant, through its counsel, returned the executed waiver to plaintiff's counsel via email. In that email, defendant's counsel advised plaintiff's counsel that his firm would be defending the lawsuit. Defendant's counsel also notified plaintiff's counsel of

his belief that the lawsuit should be moved to the arbitral forum based on an arbitration agreement that, according to defendant, plaintiff had executed. On August 14, 2018, plaintiff's counsel acknowledged receipt of the email and indicated that plaintiff intended to contest arbitration on the basis that plaintiff did not sign the agreement.

Defendant's counsel represents to the court that he calendared the deadline to answer or otherwise respond as September 17, 2018. Defendant's counsel further represents to the court that, despite regularly reviewing his calendar, he inadvertently overlooked the response deadline. On September 26, 2018, plaintiff moved for entry of default based on defendant's failure to file an answer or otherwise respond by September 17, 2018. The Clerk of the Court entered default the next day. Defendant's counsel represents to the court that he realized on September 28, 2018 (prior to checking the docket) that the answer was overdue and emailed counsel to inquire about filing a motion to file an answer out-of-time as unopposed. While waiting to hear back from plaintiff's counsel, defendant's counsel checked the docket, realized that default had been entered, and filed the motion to set aside.

*Standard*

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Because judgment has not yet been entered in this case, the court applies the lesser "good cause" standard for setting aside the entry of default. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (finding it "significant that judgment had not yet been entered" because "it is well established that the good cause required by [Rule] 55(c) for

2

setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under [Rule] 60.").

The "good cause" standard under Rule 55(c) is not particularly onerous.  In determining whether good cause exists under Rule 55(c), judges in this district (including the undersigned) have considered factors relating to the defendant's willfulness or degree of culpability, the prejudice to the plaintiff, and whether the defendant has a meritorious defense. *See AZ DNR, LLC v. Luxury Travel Brokers, Inc*., 2014 WL 1356050, at \*1 (D. Kan. Apr. 7, 2014) (collecting cases).  The Tenth Circuit has applied these same factors in unpublished cases.  *See*, *e.g*., *Watkins v. Donnelly*, 551 Fed. Appx. 953, 958 (10th Cir. 2014) (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992)).  Setting aside an entry of default is addressed to the discretion of the district court, which has "a great deal of latitude" in exercising that discretion. *See Nikwei v. Ross School of Aviation, Inc*., 822 F.2d 939, 941 (10th Cir. 1987).


*Discussion*

Good cause clearly exists to set aside the entry of default.  There is no showing or allegation of willfulness on the part of defendant or defendant's counsel.  The record reflects that defendant's counsel missed the filing deadline due to oversight.  More importantly, upon realizing that oversight, defendant's counsel promptly reached out to plaintiff's counsel and this court to fix the mistake.  At most, then, the facts suggest that this case temporarily "slipped through the cracks" despite counsel's efforts to calendar and track the filing deadline.  This factor weighs in defendant's favor.  *Gold v. State Farm Mutual Auto. Ins. Co*., 2018 WL 1010943, at \*2 (D. Colo. 2018) ("Courts have consistently held that an unintentional or good

faith mistake does not rise to the level of culpable conduct under Rule 55(c), particularly where a party takes prompt action to remedy its error.") (collecting cases); *School-Link Technologies, Inc. v. Applied Resources, Inc.*, 471 F. Supp. 2d 1101, 1119 (D. Kan. 2007) (where entry of default resulted solely from inadvertence, conduct was not culpable and good cause existed to set aside default).

Plaintiff has suffered no discernible prejudice from the minimal delay in receiving defendant's answer. *See* 10A Charles A. Wright, et al., *Federal Practice and Procedure* § 2699 (3d ed. 1998) (when no prejudice is apparent, courts are favorably inclined toward setting aside a default entry; fact that plaintiff must try the case on the merits, with recovery delayed, does not constitute prejudice under this rule). In this case, the delay occurred very early in the case, and there has been no suggestion that discovery or any other deadlines have been affected. The only prejudice identified by plaintiff is that defendant, through its delay, has "substantially increased its opportunity to gather facts and prepare its arguments" that this case should be moved to the arbitral forum consistent with the arbitration agreement allegedly executed by plaintiff. Plaintiff, however, does not articulate what advantage defendant could have possibly gained given the specific context presented here—a simple, straightforward dispute about whether plaintiff signed the agreement. Plaintiff does not suggest what additional facts defendant might have uncovered during the minimal delay that it would not have known about otherwise or what additional arguments defendant might have prepared during the minimal delay that it would not have advanced otherwise. Moreover, if defendant files a motion to compel arbitration and plaintiff in good faith believes that he needs additional time to respond to the motion or has a particularized need for discovery relating to the motion, he may certainly file a motion for relief.

Plaintiff, then, has not demonstrated any legal prejudice that he has suffered based on the minimal delay here.

Finally, defendant has articulated procedural and substantive defenses to the claims set forth in the complaint. Specifically, defendant contends that plaintiff's claims are subject to arbitration and that defendant did not unlawfully discriminate or retaliate against plaintiff in any way. This factor, too, weighs in favor of defendant. *See Williams v. HSBC Bank USA, N.A.*, 2016 WL 3087812, at \*2 (D. Kan. 2016) (defendant does not need to demonstrate a likelihood of success on the merits but need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense); *Urban v. Beamers Garage Restaurant & Lounge Co.*, 1995 WL 522899, at \*2 (D. Kan. 1995) (in sexual harassment case, defendant's contentions that no sexual harassment occurred were sufficient to constitute "meritorious defense" for purposes of Rule 55(c) analysis).

In sum, the lack of culpability on the part of defendant, the lack of prejudice to plaintiff, and the preference for deciding cases on their merits all weigh in favor of setting aside the entry of default. Defendant has shown the existence of good cause and the motion is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's motion to set aside entry of default (doc. 8) is granted and defendant shall file its answer or otherwise respond within 10 days of the date of this order.

**IT IS SO ORDERED.**

Dated this 5th day of November, 2018, at Kansas City, Kansas.


                                        s/John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge