IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Eric Cannon,**

        **Plaintiff,**

**v.**                                                  Case No. 18-2364-JWL

**SFM, LLC**
**d/b/a Sprouts Farmers Market,**

        **Defendant.**

## **MEMORANDUM & ORDER**

Plaintiff filed this lawsuit against defendant alleging gender discrimination and retaliation claims arising out of his employment with defendant. This matter is presently before the court on defendant's motion to compel arbitration and to stay this case pending arbitration (doc. 20). As set forth in more detail below, defendant's motion is retained under advisement pending expedited discovery limited to the issue of whether plaintiff signed the arbitration agreement.

**I.**     **Standard**

The Supreme Court has "long recognized and enforced a 'liberal federal policy favoring arbitration agreements.'" *Ragab v. Howard*, 841 F.3d 1134, 1137 (10th Cir. 2016) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983))). However, whether a party agreed to arbitration is a contract issue, meaning arbitration clauses are only valid if the parties intended to arbitrate. *Id.* (citing *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582

(1960)). No party can be compelled to submit a dispute to arbitration without having previously agreed to so submit. *Id.* (citing *United Steelworkers*, 363 U.S. at 582); *accord Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 977 (10th Cir. 2014) ("Everyone knows the Federal Arbitration Act favors arbitration. But before the Act's heavy hand in favor of arbitration swings into play, the parties themselves must agree to have their disputes arbitrated.").

The court applies state-law principles in deciding whether parties agreed to arbitrate. *Ragab*, 841 F.3d at 1137 (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). When parties do not dispute the material facts on the question whether the parties agreed to arbitration, then a district court, while viewing the facts most favorable to the non-moving party, can decide as a matter of law whether the parties actually agreed to arbitrate. *See Howard*, 748 F.3d at 978. In such circumstances, the Act's "summary trial can look a lot like summary judgment." *Id.*; 9 U.S.C. § 4. But when material disputes of fact exist on the question whether the parties agreed to arbitrate, the Act requires a summary trial to resolve those disputes. *Howard*, 748 F.3d at 978.

## II. Facts

Consistent with the standard articulated above, the following facts are either uncontroverted or related in the light most favorable to plaintiff as the non-moving party. Defendant is a "healthy grocery store offering fresh, natural and organic foods at value prices, with retail stores across the United States." Def. Motion at 1. Plaintiff began his employment with defendant in June 2015 as a produce clerk at defendant's Overland Park, Kansas location. Defendant terminated plaintiff's employment in December 2017. He filed suit against defendant

in July 2018 alleging violations of Title VII of the Civil Rights act of 1964. Defendant asserts that plaintiff's suit is subject to binding arbitration in light of an arbitration agreement that plaintiff allegedly executed on January 18, 2016.

By way of background, on December 31, 2015, defendant sent an e-mail to all managerial employees attaching a revised arbitration agreement and providing instructions on distributing that agreement to lower-level employees. The record reflects that managers were instructed to advise their employees to access the arbitration agreement on the company's intranet site, to print a hard copy of the agreement, to sign the hard copy of the agreement, and to return the signed agreement to the Administrative Coordinator at his or her store location. Once an employee returned an executed agreement to the Administrative Coordinator, that Coordinator was responsible for uploading a scanned copy of the agreement to "Recall," defendant's electronic document management system. At that point, an authorized company representative would electronically sign the agreement and a digital copy was kept and maintained on Recall.

Defendant contends that plaintiff executed the arbitration agreement on January 18, 2016, as evidenced by plaintiff's signature on the document. In response, plaintiff has submitted an affidavit in which he avers that he recalls receiving a hard copy of the arbitration agreement and that he consciously decided not to execute the agreement in light of a workplace injury that he had sustained in mid-December 2015 and his desire to preserve any and all rights to file a lawsuit against defendant based on that injury. Plaintiff avers that no one at defendant followed up with him about signing the agreement or told him that he was required to sign that agreement. Finally, plaintiff avers that the signature on the document submitted by defendant is not his signature and

3

that he knows he never executed the arbitration agreement.[1] In reply, defendant has submitted the signature pages of various other documents allegedly signed by plaintiff over the course of his employment and asserts that the signatures, while not identical, share "common features" with the signature on the arbitration agreement.

### III. Discussion

Defendant, as the party seeking arbitration, has the burden to show that an arbitration agreement exists and that plaintiff is bound by it. *See Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012). The court gives plaintiff, as the party opposing arbitration, "the benefit of all reasonable doubts and inferences that may arise." *Id.* (quoting *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 (3d Cir. 1980)). If the court finds material factual disputes preclude it from determining the arbitration question as a matter of law, the court must proceed to a summary trial to resolve those disputes of fact. *Howard*, 748 F.3d at 978.

Here, there is clearly a factual dispute as to whether plaintiff signed the arbitration agreement. Importantly, plaintiff does not simply aver that he has no recollection of signing the agreement or that he is not certain whether the signature on the agreement is his signature. Rather, he affirmatively avers that he remembers making a conscious decision not to execute the agreement and he affirmatively avers that the signature is not his own. Moreover, defendant has come forward with no evidence that anyone witnessed plaintiff signing the agreement or that

---

[1] Plaintiff also highlights that defendant has attached to its motion only the signature page of the arbitration agreement, which leaves open the possibility that even if plaintiff had signed the agreement, he may have struck certain provisions from the agreement that are not reflected in the record. Defendant should be prepared to address this issue after discovery.

anyone recalls receiving an executed agreement from plaintiff. And while defendant has submitted other examples of plaintiff's signature, those examples are not sufficiently similar to the one on the arbitration agreement that the court, based on that evidence alone, could conclude that the signature on the arbitration agreement, as a matter of law, is plaintiff's signature.

Based on the foregoing, it is clear that discovery is required to resolve the limited factual dispute concerning whether plaintiff signed the arbitration agreement. Indeed, when a party contends that it has not signed an agreement to arbitrate or that the signature is a forgery, the court must resolve that issue before sending the dispute to arbitration. *Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 218 (5th Cir. 2003). To resolve that issue, most courts permit discovery limited to the forgery issue and then either conduct a "summary trial" or resolve the issue on subsequent written submissions. *See, e.g., Chester v. DIRECTV, LLC*, 607 Fed. Appx. 362, 363 (5th Cir. 2015) (upholding district court's determination to summarily proceed to trial where plaintiff unequivocally denied signing arbitration agreement and produced his affidavit providing as such); *Burnip v. Credit Acceptance Corporation*, 2018 WL 6040437, at *1 (D. Minn. Nov. 19, 2018) (evidentiary hearing necessary to resolve limited factual issue concerning whether plaintiff signed agreement); *Greiner v. Credit Acceptance Corporation*, 2017 WL 586727, at *2-3 (D. Kan. Feb. 13, 2017) (retaining motion to compel arbitration under advisement pending evidentiary hearing or jury trial limited to forgery issue); *Mitchell v. EEG, Inc.*, 2016 WL 2903286, at *3 (W.D. Ky. May 18, 2016) (ordering limited discovery followed by a "new motion to compel arbitration" where the plaintiff submitted affidavit indicating that her signature was forged); *Reed v. Johnson*, 2015 WL 9595518, at *1 (N.D. Miss. Nov. 4, 2015) (holding motion in abeyance until court could complete trial limited to issue of whether purported signature was a

forgery); *Hudson v. Babilonia*, 2015 WL 1780879, at *2 (D. Conn. Apr. 20, 2015) (where plaintiff proffered affidavit stating that he had never cosigned promissory note, court found genuine dispute concerning alleged arbitration agreement and consequently ordered discovery); *Castillo v. Lowe's HIW, Inc.*, 2013 WL 12143002, at *4 (N.D. Cal. Dec. 2, 2013) (plaintiff was entitled to a bench trial or evidentiary hearing on the limited issue of whether he signed the arbitration agreement).

Consistent with the approach taken in these cases, the court will refer the parties to the magistrate judge assigned to this case for the purpose of scheduling expedited discovery limited to the forgery issue. Once that discovery is complete, the court will conduct a status conference with the parties to determine whether a "summary trial" is required or whether the parties believe that the court can resolve the issue based solely on supplemental written submissions. To the extent a trial is required, the court will explore with the parties during the status conference whether a bench trial (akin to an evidentiary hearing) or a jury trial is the appropriate course of action. The court notes, however, that plaintiff has requested in his response that a jury resolve the forgery issue and Circuit precedent seems to support that request. *See Howard*, 748 F.3d at 980 (only the party resisting arbitration has the power to demand a jury on the issue of whether the parties agreed to arbitrate).[2]

---

[2] In his response, plaintiff suggests that the court should deny defendant's motion outright. Tenth Circuit precedent counsels against that approach. *See Howard*, 748 F.3d at 978 (holding district court erred by denying arbitration outright when moving papers revealed dispute about arbitrability).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to compel arbitration (doc. 20) is retained under advisement.

**IT IS FURTHER ORDERED BY THE COURT THAT** the parties are directed to contact Judge Birzer's chambers as soon as practicable to develop an expedited schedule for limited discovery on the forgery issue. Once discovery is complete, the parties shall contact the court to schedule a status conference.

**IT IS SO ORDERED.**

Dated this 12th day of February, 2019, at Kansas City, Kansas.

> s/ John W. Lungstrum
> John W. Lungstrum
> United States District Judge